UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA BENNETT, *et al.*,

    Plaintiffs,

v.

MIS CORPORATION, *et al.*,

    Defendants.
    _____/

Case No. 07-14005

Honorable John Corbett O'Meara

**ORDER GRANTING BVNA'S JUNE 2, 2008 MOTION TO DISMISS,
GRANTING JACOBS FACILITIES' JUNE 4, 2008 MOTION TO DISMISS,
GRANTING TEOC'S JUNE 11, 2008 JOINER IN BVNA'S MOTION TO DISMISS,
GRANTING SAFE TECHNOLOGY'S JUNE 17, 2008 MOTION TO DISMISS,
GRANTING COACH'S JUNE 18, 2008 MOTION TO DISMISS,
GRANTING APPLIED ENVIRONMENTAL'S JUNE 27, 2008 MOTION TO DISMISS,
AND DENYING AS MOOT
<u>TEOC'S APRIL 2, 2008 MOTION FOR SUMMARY JUDGMENT</u>**

This matter came before the court on the following motions: defendant TEOC Incorporated's April 2, 2008 motion for summary judgment; defendant Bureau Veritas North American ("BVNA") Incorporated's June 2, 2008 motion to dismiss and/or for summary judgment; defendant Jacobs Facilities Incorporated's June 4, 2008 motion to dismiss and/or for judgment on the pleadings; defendant TEOC Incorporated's June 11, 2008 joiner in BVNA's motion; defendant Safe Technology Incorporated's June 17, 2008 motion to dismiss and/or for summary judgment; defendant Coach's Catastrophic Cleaning and Restoration Services ("Coach's") Incorporated's June 18, 2008 motion to dismiss and/or for summary judgment and joiner in BVNA's motion; and defendant Applied Environmental Incorporated's June 27, 2008 motion to dismiss and/or for summary judgment. Responses and reply briefs were filed; and oral argument was heard August 21, 2008.

For the reasons stated on the record, as well as those that follow, the court will deny as moot TEOC's April 2 motion for summary judgment and grant the remaining motions.

**BACKGROUND FACTS**

Plaintiffs are air traffic controllers and their spouses who, during the relevant time period, worked at the Detroit Metropolitan Wayne County Airport ("DTW") Air Traffic Control Tower ("ATCT"). Plaintiffs allege they were injured as a result of the presence of mold in the ATCT because of actions taken by the Federal Aviation Administration ("FAA") to remove the mold from the tower. Defendants are companies the FAA contracted or subcontracted to participate in the mold remediation project. This is the third in a series of lawsuits filed by personnel employed at the ATCT who claim personal injuries due to mold.

**STANDARD OF REVIEW**

When considering a motion for judgment on the pleadings pursuant to Rule 12(c) or a motion to dismiss pursuant to Rule 12(b)(6), the court is required to accept all of the allegations in the complaint as true. A motion to dismiss is granted when "it is clear that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).

**LAW AND ANALYSIS**

A "*prima facie* case of negligence requires a plaintiff to prove four elements: duty, breach of that duty, causation, and damages." Fultz v. Union-Commerce Assocs., 470 Mich. 460, 463 (2004). The threshold question in a negligence action is whether the defendant owed a duty to the plaintiffs. Id. "It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." Id. Whether one owes a duty to another is a question of law to be decided by the court. Id.

2

In Fultz, the Michigan Supreme Court held that when a plaintiff brings a tort action based on a contract and the plaintiff is not a party to the contract, the court must determine "whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." Id. at 467. "If no independent duty exists, no tort action based on a contract will lie." Id.

The plaintiff in Fultz was injured when she slipped and fell while walking across a snow and ice covered parking lot. The owner of the premises had contracted with a company to provide snow removal services. At the time of the plaintiff's fall, the company had not plowed or salted the lot for fourteen hours. The plaintiff sued the company, alleging that it owed her a common law duty to exercise reasonable care in performing its contractual duties. Prior to the Fultz decision, Michigan courts decided tort claims brought based upon contractual duties by analyzing whether the alleged tortfeasors committed misfeasance or nonfeasance. The Fultz court rejected the use of such an analysis, however, and held that the proper inquiry is "whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual duties." Because the plaintiff in Fultz failed to establish that the snow removal company owed her a duty that was separate and distinct from its duties under its contract with the premises owner, her negligence claim against the company failed as a matter of law.

The Michigan Court of Appeals later reached the same result in a case regarding mold remediation similar to this case. Thacker v. Encompass Ins. Co., 2006 Mich. App. LEXIS 1737 (May 25, 2006). In Thacker, the plaintiff repeatedly made claims to the defendant insurance company complaining of water-related problems that allegedly resulted in toxic levels of mold in her home. She later amended her complaint to add the two contractors who were hired by the

insurance company to remediate the mold problem. The plaintiff alleged "negligence based primarily on the failure to reconstruct, repair, and remediate the premises which resulted in chronic water damage and mold contamination that caused plaintiff to experience toxic mold poisoning and loss of property." Id. at *2.

Both contractors moved for summary disposition, arguing that the plaintiff had failed to establish that either contractor owed her a duty separate and distinct from its contractual obligations to the insurer. Applying Fultz, the court of appeals affirmed the lower court's decision granting summary disposition to the contractors. Again, those contractors had participated in a mold remediation project under contract with someone other than the plaintiff.

A similar factual scenario was addressed recently by Judge Edmunds in Irrer v. Milacron, Inc., 2007 U.S. Dist. LEXIS 16881 (E.D. Mich. Mar. 6, 2007), in which a number of General Motors employees filed suit alleging that defendant Milacron manufactured and supplied metal working fluids and chemicals that caused them to suffer various physical injuries and illnesses. Milacron had entered into chemical and servicing contracts with GM to monitor the use of these chemicals and fluids at GM plants. The plaintiffs made 12 allegations of negligence relating to, among other things, failure to monitor and control the presence and growth of bacteria, mold and fungus in the metal working fluids to which the plaintiffs were exposed and to "perform the duties of the chemical manager in a safe, careful manner with regard to the Plaintiffs' safety." Id. at **3-5.

Defendant Milacron filed a motion to dismiss pursuant to Rule 12(b)(6) on the basis that it did not owe the plaintiffs a duty that was separate and distinct from the contractual duties it owed GM. The court rejected the plaintiffs' argument that Milacron had created a new hazard when it allegedly allowed hazardous mists from the metal working fluids to permeate the plants where the employees

4

worked. Instead, the court found that monitoring the levels of the chemicals fell squarely within Milacron's duties under its contract with GM. Id. at **12-13.

The claims asserted by Plaintiffs in this action are similar to those asserted by the GM employees in Irrer and the homeowner in Thacker. In this case Plaintiffs' employer contracted with these defendants to perform services. Plaintiffs allege that the defendants negligently performed those services; and as a result, the mold remediation project was unsuccessful, which in turn caused injury to Plaintiffs. The issue, however, is not whether the mold remediation work was done properly; the only issue is whether these defendant contractors and subcontractors owed a duty to Plaintiffs that was separate and distinct from the contractual duties they owed to Plaintiffs' employer, the FAA.

Using defendant Clayton[1] as an example, Plaintiffs' complaint repeatedly refers to the contract between the FAA and various defendants:

> In January of 2006, the FAA contracted with Clayton to furnish materials, labor, equipment, tools, and supervision to remove and replace portions of the drywall.
> 
> \* \* \*
> 
> The agreement between the FAA and Clayton was amended to provide technical services related to the moisture damage remediation project.

Complaint at ¶¶ 97, 100.

Moreover, Plaintiffs' negligence claims against Clayton, for example, are based solely on Clayton's alleged failure to properly perform the duties it contractually agreed to perform, *i.e.*, (1) failing to provide a work plan that met industry standards, (2) making improper recommendations

---

[1] Defendant BVNA is the successor in interest to Clayton Environmental Consultants, also known as Clayton Group Services.

regarding mold remediation, (3) failing to include proper precautions in the work plan, (4) failing to address microbial that was "likely" growing between the liner board in the elevator shaft in the work plan, (5) failing to provide clearance criteria regarding project completion in the work plan, (6) preparing a work plan that allowed the allegedly "fungal contaminated drywall to be left in place" and providing that the elevator shaft be cleaned allegedly contrary to industry standards, and (7) conducting negligent testing and otherwise negligently preparing the work plan. Complaint at ¶¶227-232. These are all services Clayton contractually agreed to provide to the FAA, not duties Clayton owed to Plaintiffs independent of the contract. Clayton contracted with the FAA to inspect the DTW tower or to "work with the appropriate FAA personnel to develop a scope of work for remediation of the mold/moisture-impacted materials." Defendant Clayton's Ex. D at 2. Therefore, any of the allegations above pertaining to items that involve the work plan fall squarely within the obligations Clayton owed to the FAA under their contract. The same analysis applies to all of the defendants that filed motions to dismiss in this action.

Plaintiffs alternative argument is that because the mold was not properly removed, the condition is worse than ever, creating a separate and distinct duty to Plaintiffs which, in turn, has caused them injury. They rely on Conant v. State Farm Fire & Cas. Co., 2006 WL 1411216 (Mich. App.). In that case the defendant insurance company allegedly made matters worse when, after an attempt to remediate mold from a home, it knocked out a wall in the plaintiff homeowner's house, thereby exposing the plaintiff to harm she would not have otherwise been exposed to. The case is distinguishable from the present situation in which the defendant contractors and subcontractors performed duties they expressly contracted to do for the FAA.

Finally, Plaintiffs assert that many of the defendants were "professional health consulting firms" and thereby owed a professional duty to exercise reasonable care to the public and the occupants of the DTW tower. Again, however, those duties are not separate and distinct from their contractual duties to the FAA (or in the case of Applied Environmental, to Lockheed). Therefore, Plaintiffs' claims fail as a matter of law; and the court will grant the motions to dismiss. As a result, defendant TEOC's April 2, 2008 motion for summary judgment will be rendered moot.

## ORDER

It is hereby **ORDERED** that defendant BVNA's June 2, 2008 motion to dismiss and/or for summary judgment is **GRANTED.**

It is further **ORDERED** that defendant Jacobs Facilities' June 4, 2008 motion to dismiss and/or for judgment on the pleadings is **GRANTED.**

It is further **ORDERED** that defendant TEOC's June 11, 2008 joiner in BVNA's motion is **GRANTED.**

It is further **ORDERED** that defendant Safe Technology's June 17, 2008 motion to dismiss and/or for summary judgment is **GRANTED.**

It is further **ORDERED** that defendant Coach's Catastrophic Cleaning and Restoration Services' June 18, 2008 motion to dismiss and/or for summary judgment and joiner in BVNA's motion is **GRANTED.**

It is further **ORDERED** that defendant Applied Environmental's June 27, 2008 motion to dismiss and/or for summary judgment is **GRANTED.**

It is further **ORDERED** that defendant TEOC's April 2, 2008 motion for summary judgment is **DENIED AS MOOT.**

                                                         s/John Corbett O'Meara
                                                         United States District Judge

Date: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 5, 2008, by electronic and/or ordinary mail.

                                                           s/William Barkholz
                                                         Case Manager