UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERESA BENNETT, *et al*.,

    Plaintiffs,                                          Case No. 07-14005

v.                                                            Honorable John Corbett O'Meara

MIS CORPORATION, *et al*.,

    Defendants.
                                               /


**ORDER DENYING PLAINTIFFS' JULY 19, 2008 MOTION FOR LEAVE TO FILE
A FIRST AMENDED COMPLAINT AND DENYING AS MOOT
PLAINTIFFS' JULY 23, 2008 MOTION TO REQUEST COURT
TO DENY MOTIONS UNDER RULE 56 OR TO GRANT A CONTINUANCE**

    This matter came before the court on Plaintiffs' July 19, 2008 Motion for Leave to File a First Amended Complaint and July 23, 2008 Motion to Request the Court to Deny All but Defendant Jacobs' Motions for Summary Judgment under Rule 56 or to Grant a Continuance for Discovery. Responses and reply briefs were filed; and oral argument was heard August 21, 2008. The court is entering, contemporaneously with this order, an order granting motions to dismiss by several defendants.

    Plaintiffs have filed a motion for leave to file a first amended complaint, seeking to add three new party defendants, Andrew Crause, Robert Safe, and Michael Tillotson. Crause was the senior project manager who performed all services on behalf of Clayton. Safe and Tillotson are the presidents and owners of Safe Technology and TEOC, respectively, and performed all services on behalf of their companies for the FAA.

    In addition, Plaintiffs seek to add five new causes of action: professional negligence, tortious interference with a business relationship, conspiracy to interfere with a contractual or business

relationship, common law fraud, and negligent misrepresentation. The court notes that Plaintiffs' initial complaint was 249 paragraphs; the amended complaint would be 311.

## LAW AND ANALYSIS

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, after an answer has been filed, a plaintiff may amend a complaint only by leave of the court. A motion for leave to amend my be denied where, among other things, the plaintiff's proposed amendment would be futile. Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993).

Plaintiffs propose to assert professional negligence or malpractice claims against individuals Crause, Safe and Tillotson. However, a professional malpractice claim cannot be maintained unless Plaintiffs first establish that the defendants owed them a duty. In this case, as discussed in the court order filed contemporaneously with this order, Defendants owed contractual duties to the FAA or Lockheed, not to Plaintiffs.

Plaintiffs also allege that the individual defendants are state licensed professionals that are subject to malpractice claims. Plaintiffs attempt to use the professional standards promulgated by the American Board of Industrial Hygiene ("ABIH") to impose a legal duty on these individuals. The ABIH, which certifies industrial hygienists, provides a code of ethics that indicates certified industrial hygienists ("CIH's") are to follow "appropriate health and safety procedures; in the course of performing professional duties, to protect clients, employers, employees and the public from conditions where injury and damage are reasonably foreseeable." Plaintiffs' Ex. D.

The ABIH, however, is a self-governing body. Certification by the ABIH is voluntary, and certification is not required by the State of Michigan to perform industrial hygienist work. There

2

is nothing in the ABIH Code of Ethics that would impose a legal obligation on a CIH to act for the benefit of a third party. Furthermore, nothing in the code of ethics creates a right to maintain a civil action against a CIH. Michigan courts have refused to impose legal duties based solely on the internal policies and procedures of an organization because, among other things, "[s]uch a rule would encourage retailers to abandon all policies enacted for the protection of others in an effort to avoid future liability." Buczkowski v. McKay, 441 Mich. 96, 99 n.1 (1992).

A claim for tortious interference with a contractual or business relationship requires that a plaintiff allege and establish that the defendant intentionally and unjustifiably instigated the alleged breach. In this case, Plaintiffs seek to amend the complaint to allege that the defendants interfered with the collective bargaining agreement ("CBA") between Plaintiffs and the FAA in which the FAA agreed to provide a safe work environment for the air traffic controllers. In the proposed amended complaint, Plaintiffs allege that various defendants concealed facts regarding the extent of the microbial contamination that would cause serious health consequences and thereby breach the CBA. Plaintiffs fail to identify any motive Defendants would have in interfering with the CBA, nor do they identify any specific affirmative acts that would support a finding of an unlawful purpose. There is no evidence here that any defendant actively solicited the FAA to breach its CBA with FAA employees. See, ADR North America L.L.C. v. Agway, Inc., 303 F.3d 653 (6th Cir. 2002).

A conspiracy to interfere with a contractual or business relationship cannot be sustained when the underlying claim fails. Because Plaintiffs' proposed claim of tortious interference with contract fails for the reasons stated above, their conspiracy claim would also fail.

When attempting to allege a claim for fraud, plaintiffs "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003). One critical element of fraudulent misrepresentation is that the defendant must have intended that the plaintiff rely upon the misrepresentation(s). Sneyd v. International Paper Co., 142 F. Supp. 2d 819, 823 (E.D. Mich. 2001). Plaintiffs in this case, however, do not provide any allegations regarding any alleged scheme or intent by the defendants to make misrepresentations to *Plaintiffs*. Again, Defendants were hired by the FAA or Lockheed, not by Plaintiffs; and Defendants' representations were made to the FAA or Lockheed, not to Plaintiffs.

A negligent misrepresentation claim cannot be maintained by one to whom no duty was owed. Again, for the reasons set forth in this court's contemporaneous order, Defendants did not owe Plaintiffs a duty that was separate and distinct from the contractual duties they owed the FAA or Lockheed. Therefore, amendment of the complaint would be futile; and the court will deny Plaintiffs' motion for leave to file a first amended complaint.

Plaintiffs' other motion, which requests that the court deny Defendants' motions under Rule 56, is rendered moot by the court's contemporaneous order.

**ORDER**

It is hereby **ORDERED** that Plaintiffs' July 19, 2008 motion for leave to file an amended complaint is **DENIED.**

4

It is further **ORDERED** that Plaintiffs' July 23, 2008 Motion to Request the Court to Deny all but Defendant Jacobs' Motions for Summary Judgment Under Rule 56 or to Grant a Continuance for Discovery is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 5, 2008, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager